UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DUNETZ and PEDRO DELGADO,<br><br>    Plaintiffs,<br>v.<br><br>VIEJAS CASINO,<br><br>    Defendant. | Case No. 3:12-cv-2716-GPC-NLS<br><br>**ORDER**<br><br>**1) GRANTING PLAINTIFF STEVEN DUNETZ' MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**2) DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>**3) DENYING REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE** |

  On November 7, 2012, plaintiffs Steven Dunetz ("Dunetz") and Pedro Delgado ("Delgado") (together, "Plaintiffs"), proceeding pro se, filed a complaint against defendant Viejas Casino ("Viejas"). (ECF No. 1.) Plaintiffs allege a Viejas security guard called Delgado "a liar and told him 'we don't want your Spanish-Mexican kind in here.'" Plaintiffs allege the security guard also called Dunetz a "Jewish bastard." Plaintiffs also assert claims for breach of contract, mail fraud, and false advertising, claiming Viejas would not honor Plaintiffs' player cards or a written promotion.

  Along with the complaint, Dunetz filed a motion to proceed in forma pauperis and a request for appointment of counsel under the enforcement provisions of the equal employment opportunities portion of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1). (ECF Nos. 2, 3.)

/ / /

## I. Motion to Proceed in Forma Pauperis

All parties instituting any civil action, suit or proceeding in a United States district court, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all of his or her assets, showing that he or she is unable to pay the fees. See 28 U.S.C. §1915(a).

Here, Dunetz has submitted a declaration, stating he is not currently employed, and that his last date of employment was in 1987. (ECF No. 2.) Dunetz declares the only income he receives is $854 per month in social security benefits. Dunetz declares he has no checking, savings, IRA, or money market accounts. Dunetz declares he owns no vehicle, real estate, stocks, bonds, securities, or other valuable property. Dunetz declares he has no dependents. Based on the information Dunetz has provided, the Court concludes Dunetz has sufficiently demonstrated he is unable to pay the filing fee. Accordingly, the Court **GRANTS** Dunetz' Motion to Proceed in Forma Pauperis.

## II. Sua Sponte Review

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915 mandates that a court reviewing a complaint filed pursuant to the in forma pauperis provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedures, Rule 4(c)(2). Lopez, 203 F.3d at 1127.

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the

complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

To meet the requirements of Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

As currently pled, the Court concludes Plaintiffs' complaint fails to state a claim upon which relief can be granted. Plaintiffs allege a Viejas security guard made unsavory comments to Plaintiffs without stating any legal ground on which Plaintiffs seek redress. And while Plaintiffs assert claims for breach of contract, mail fraud, and false advertising, Plaintiffs provide no facts to support those claims except to say Viejas would not honor or validate Plaintiffs' player cards or pay Plaintiffs money "from written promotions."

More importantly, however, Plaintiffs have alleged no facts demonstrating that Congress has unequivocally authorized this suit or that the Viejas Band of Kumeyaay Indians, which owns the Viejas Casino, has clearly waived its sovereign immunity. See C & L Enters. v. Citizen Band Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411, 418 (2001); Kiowa Tribe v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998). Thus, the Court concludes Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Accordingly, Plaintiffs' Complaint must be **DISMISSED WITHOUT PREJUDICE**.

/ / /

### III. Appointment of Counsel

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir.1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir.1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir.2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986)); see also Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).

Here, the Court first notes that Dunetz' Request for Appointment of Counsel under 42 U.S.C. § 2000e-5 is misplaced, as Dunetz does not allege an equal employment opportunity claim. The Court, however, will liberally construe Dunetz' request as one made under the more appropriate 28 U.S.C. § 1915(e) standard. Under that standard, the Court finds Dunetz has not made the requisite showing of "exceptional circumstances" to justify appointment of counsel because, as discussed above, the likelihood of Plaintiffs' success on the merits is minimal given Viejas' sovereign immunity. Accordingly, Dunetz' Request for Appointment of Counsel is **DENIED WITHOUT PREJUDICE**.

In conclusion, Dunetz' Motion to Proceed in Forma Pauperis is **GRANTED**; Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**, and Dunetz' Request for Appointment of Counsel is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

DATED: December 3, 2012

HON. GONZALO P. CURIEL
United States District Judge